U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 9 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ABLE ARGUIJO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-140-A |
| | § | |
| RISSIE OWENS, DIRECTOR, | § | |
| TEXAS BOARD OF PARDONS AND | § | |
| PAROLES, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

This is one of approximately forty virtually identical actions brought by an inmate in the pre-parole transfer facility located in Mineral Wells, Texas, against officials of the Texas Board of Pardons and Paroles in their official capacities only. Pending before the court is the motion of defendants, Rissie Owens, Director, Texas Board of Pardons and Paroles, Howard A. Thrasher, Elvis Hightower, and Juanita Gonzales, to dismiss the above-captioned action for failure of plaintiff, Able Arguijo, to state a claim upon which relief can be granted. Though a response to such motion was due on May 27, 2008, plaintiff has not filed a response as of the signing of this order. Having considered the motion, the complaint, and applicable authorities, the court concludes that such motion should be granted for the reasons discussed below.

# I.

## Defendants' Motion to Dismiss

In the motion to dismiss, defendants argue that this action is properly considered under 42 U.S.C. § 1983, rather than the habeas corpus statutes. They further contend that plaintiff has failed to state a violation of his rights to due process; that plaintiff's official capacity claims are tantamount to claims against the state of Texas and accordingly are barred by the Eleventh Amendment; and that plaintiff is not entitled to declaratory relief under the Federal Declaratory Judgment Act.

# II.

## Plaintiff's Complaint

The only allegations directly relating to plaintiff appear to be as follows: "Plaintiff assert [sic] that defendants violated his Constitutional Rights to due process by depriving him of his Work-time and Good-time credits as well as denying him Parole to Mandatory Supervision release." First Attach. to Compl. at 4. Everything else in the complaint reads in the abstract, as plaintiff generally complains about the practices of the Texas Board of Pardons and Paroles (the "Board"). He never alleges how those practices have affected him specifically; in fact, his complaint reads as if he intends this action to be a class action, brought on behalf of all inmates who have been or

will be considered for release to mandatory supervision. Plaintiff seeks declaratory and injunctive relief and damages.[1]

III.

Analysis

A. Applicable Standard.

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1965 (2007)(internal quotation marks and citations omitted). In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell

---

[1] Plaintiff purports to bring this action pursuant to both the habeas corpus statutes and 42 U.S.C. § 1983. He contends that both vehicles for relief are required because neither one, in isolation, would provide complete remedial relief. Defendants contend that this action is brought under § 1983 only. The court agrees with defendants because plaintiff has not alleged anything as would grant him an entitlement to release if it were to be decided in his favor; indeed, plaintiff has requested neither his immediate release nor a new hearing to determine his eligibility. See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005); Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). Whether or not § 1983 or the habeas statutes, or both, are proper is of little import, however, because plaintiff has alleged nothing as would entitle him to any relief under either one.

3

Atlantic, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

B. Eleventh Amendment Immunity.

Defendants argue that they are entitled to sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Plaintiff makes clear that he has sued defendants solely in their official capacities. Therefore, the State of Texas is the true defendant. See Will v. Mich. Dep't of State Police 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.") (citation omitted). "The Texas Board of

Pardon[s] and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity." McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995). The Eleventh Amendment does not bar, however, suits for prospective injunctive relief against state officials acting in violation of federal law. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). Accordingly, the Eleventh Amendment bars all of plaintiff's claims, except those wherein he seeks injunctive relief as would require the Board to cease violating inmates' Constitutional rights and to formulate new hearing procedures for mandatory supervision candidates.

C. <u>Plaintiff In Not Entitled To Any Relief on His Claims for Prospective Relief.</u>

Plaintiff takes the position that defendants have violated his constitutional rights to due process by depriving him of his work-time and good-time credits, and by denying him release on mandatory supervision. In that connection, he seeks prospective relief as would prevent similar violations in the future. Plaintiff, however, has failed to allege the violation of any right secured by the Constitution or laws of the United States. This conclusion follows primarily because plaintiff has not alleged any facts specific to his case. His complaint is filled with nothing but abstract allegations regarding practices of the Board in general. Even if the court were to assume, <u>arguendo</u>, that plaintiff's allegations are somehow specific to his case, as discussed below, he would not be entitled to any relief.

Under Texas's mandatory supervision scheme, inmates have a constitutional expectation of early release; in other words, the scheme creates in inmates a cognizable liberty interest, to which certain procedural due process protection attaches. Teague v. Quarterman, 482 F.3d 769, 776-76 (5th Cir. 2007).[2] The Supreme Court has provided guidance on exactly what process is due when a state scheme creates a constitutional expectation of early release. Considering a Nebraska parole scheme similar to Texas's mandatory supervision scheme, the Court concluded that "[t]he Nebraska procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979). See also Ex parte Geiken, 28 S.W.3d 553, 560 (Tex. Crim. App. 2000) (holding that an inmate must be provided with timely notice that he will be considered for mandatory supervision, have the opportunity to be heard before the decision is made, and, if release is denied, be informed in what respects he falls short of qualifying for early release).

---

[2]Texas's mandatory supervision scheme provides that "[e]xcept as provided by Section 508.149, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Tex. Gov't Code Ann. § 508.147(a) (Vernon 2004). Section 508.149(b) provides that "[a]n inmate may not be released to mandatory supervision if a parole panel determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." Id. § 508.149(b).

Plaintiff has failed to allege the deprivation of any of the foregoing requirements.

Plaintiff complains that defendants have a practice and procedure of arbitrarily and perfunctorily denying mandatory supervision. Specifically, he takes issue with the manner by which the Board informs inmates that their release to mandatory supervision has been denied, complaining as follows: inmates are given no evidence or reasoned argument to support the finding that denial is required; the letter of denial is not signed; all denial letters contain standard language and identical content; the letter contains no dignified letterhead, state seal, or any other mark; and the letter is generated by a dot matrix printer on light-grade paper inferior to business stationary. Due process, however, requires none of the foregoing.

Plaintiff has not alleged that he was deprived of notice of the hearing or an opportunity to be heard, nor has be alleged that he was not informed of the respects in which he fell short of qualifying. See Greenholtz, 442 U.S. at 16. Indeed, the denial letter plaintiff attached to his complaint informs him in what respects he falls short of qualifying for mandatory supervision.[3] Additionally, plaintiff is not entitled to any relief based on the allegation that inmates are given no evidence

---

[3] The letter recites the language of section 508.149(b), to the effect that the inmate's good conduct time is not an accurate reflection of the inmate's potential for rehabilitation, and that release of the inmate would endanger the public. Then, the letter lists findings that presumably support the foregoing determinations.

7

or a reasoned argument in support of the Board's decision.[4] Plaintiff has failed to state a claim for the denial of due process in connection with defendants' mandatory supervision procedures.[5]

In his second category of claims, plaintiff contends that work credits have a separate statutory basis independent of good conduct time credits, are grounded in contract law, and are bestowed on inmates in lieu of wages for work performed.[6] Plaintiff further contends that the Board unilaterally cancels such credits if an inmate is denied release on mandatory supervision, but maintains that such work time credits must instead be applied to reduce the inmate's time served. Plaintiff

---

[4] In Greenholtz, the Supreme Court found:

> [N]othing in the due process concepts as they have thus far evolved that requires the Parole Board to specify the particular "evidence" in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release. The Board communicates the reason for its denial as a guide to the inmate for his future behavior. See Franklin v. Shields, 569 F.2d, at 800 (en banc). To require the parole authority to provide a summary of the evidence would tend to convert the process into an adversary proceeding and to equate the Board's parole-release determination with a guilt determination.

Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 15-16 (1979).

[5] To the extent plaintiff alleges that defendants have a practice and established procedure of denying mandatory supervision despite a plethora of evidence that it should be granted, he has alleged nothing as would support this conclusion. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (quotation and citation omitted).

[6] To the extent plaintiff contends he is entitled to any remuneration for performing work while incarcerated, plaintiff is mistaken: an inmate has no constitutional right to compensation. See Loving v. Johnson, 455 F.3d 562, 563 (5th Cir. 2006). That the state legislature makes good conduct time credits available as a reward for work performed would not entitle plaintiff to monetary compensation if such credits were discontinued.

8

maintains that work time credits can never be cancelled, even if the Board has authority to cancel good conduct time credits. Plaintiff seeks a declaratory judgment that work and good conduct time credits vest when earned and cannot be cancelled at the Board's discretion.

Plaintiff mistakenly attempts to distinguish work credits from other good conduct time credits. Under Texas law, work credits are characterized as good conduct time credits. Tex. Gov't Code Ann. § 498.003(d) (Vernon 2004); see also Henderson v. Cockrell, 2003 WL 21500548 (N.D. Tex. May 16, 2003). An inmate has no greater claim to work credits than to other good conduct time credits, all of which may be forfeited, with sufficient due process, upon violation either of prison rules while in custody or the guidelines of a conditional release program. Tex. Gov't Code Ann. § 498.004; see Teague, 482 F.3d at 774. To the extent plaintiff claims an inmate can never lose work credits, plaintiff's claim is without merit.

D. Conclusion.

Plaintiff has failed to state a claim for relief as to loss of any work or good conduct time credits. Plaintiff's complaint consists of mere conclusory allegations regarding defendants' treatment of work and good conduct time credits generally. Other than in conclusory fashion, plaintiff does not allege that his work or good conduct time credits have been cancelled, and he offers no evidence or factual allegations on that issue. Plaintiff does not allege that he has been deprived of any due

process protections regarding the loss of work or good conduct time credits. Plaintiff's allegations consist of nothing more than "labels and conclusions" about generalized practices, which are insufficient to state a claim for relief. Bell Atlantic, 127 S. Ct. at 1968-69.

IV.

Order

For the reasons stated herein,

The court ORDERS that whatever causes of action plaintiff purports to assert be, and are hereby, dismissed for failure to state a claim upon which relief can be granted.

SIGNED June 9, 2008.

JOHN McBRYDE
United States District Judge